IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:12cv01

| | | |
|---|---|---|
| ROBERT LEE LUCZYNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER OF REMAND |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Agreed Motion for Entry of Remand under Sentence Six of 42 U.S.C. §405(g). [Doc. 9]. As noted, the Plaintiff agrees with the request for remand.

Sentence six of 42 U.S.C. §405(g) provides in pertinent part:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. §405(g). The Commissioner here has not yet filed Answer.

The parties advise that the Appeals Council has determined that a remand is warranted in this case. The Appeals Council proposes that upon remand, the Administrative Law Judge be instructed (1) to consolidate this claim with a subsequently filed application; (2) to consider all evidence in accordance with HALLEX[1] I-5-3-17E; (3) to further develop the record as warranted; (4) to obtain expert medical evidence to determine whether an earlier onset date is warranted; and (5) to issue a new decision as to disability.

Based on the parties' submission, the Court finds that there is good cause to remand this matter to the Appeals Council for further proceedings, including the consideration of new medical evidence. Moreover, because the Appeals Councils previously did not consider this evidence or the HALLEX ruling at issue, good cause has been shown for the failure to incorporate them into the record of the prior proceeding. Remand pursuant to Sentence six of §405(g) is therefore appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that the Defendant's Agreed Motion for Entry of Remand under Sentence Six of 42 U.S.C. §405(g) [Doc. 9] is hereby **GRANTED**.

---

[1]This acronym refers to the Social Security Administrations' Hearing, Appeals and Litigation Law Manual. Roten v. Asture, 2011 WL 4596129 n.4 (W.D.N.C. 2011).

**IT IS FURTHER ORDERED** that upon remand the Appeals Council shall instruct the Administrative Law Judge Appeals (1) to consolidate this claim with a subsequently filed application; (2) to consider all evidence in accordance with HALLEX I-5-3-17E; (3) to further develop the record as warranted; (4) to obtain expert medical evidence to determine whether an earlier onset date is warranted; and (5) to issue a new decision as to disability.

The Clerk of Court is instructed that no Judgment shall be entered but this case shall be administratively closed.

Signed: April 24, 2012

Martin Reidinger
United States District Judge